# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| RACHEL CRAWFORD, INDIVIDUALLY § § § | |
| V. § | Cause No. A-09-CA-649 LY |
| § | |
| SAN MARCOS INDEPENDENT § § SCHOOL DISTRICT | |

## ORDER

Before the Court are: Plaintiff's Second Opposed Motion to Extend Discovery Deadline (Clerk's Doc. No. 53) filed June 23, 2011; and Defendant's Response in Opposition to Plaintiff's Second Opposed Motion to Extend Discovery Deadline (Clerk's Doc. No. 56) filed July 7, 2011. The District Court referred the above-motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of this Court. The Magistrate finds as follows.

## I. General Background

Plaintiff Rachel Crawford ("Plaintiff" or "Crawford"), who is identified as having Asperger's Syndrome, was a student at the San Marcos Consolidated Independent School District and received special education services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.,* and the federal and state laws and regulations issued thereunder. On or about February 2, 2009, Crawford filed a complaint pursuant to 20 U.S.C. § 1415(b)(6) with the Texas Education Agency requesting that an impartial Hearing Officer be appointed to hear her complaints that San Marcos Consolidated Independent School District failed to provide her with a Free Appropriate Public Education ("FAPE") violating the requisites of the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1401 *et seq*. The Honorable S. Aleman conducted a "Due

Process Hearing" and on June 2, 2009, he issued Findings Of Fact and Conclusions Of Law. On September 11, 2009, the Texas Education Agency sent a letter to the Defendant School District giving notice that TEA "determined the decision to be adverse" to the San Marcos Consolidated Independent School District." Plaintiff's Exh. A at ¶ 21. As a result of the Hearing Officer's and TEA's letter, Plaintiff now argues that she is a prevailing party in substantial part in this case and is entitled to seek attorney fees accordingly, 20 U.S.C. §1415(i)(3)(B)(i)(I).

Defendant maintains that the Special Education Hearing Officer granted only partial relief in favor of Plaintiff on two of the eighteen issues that were raised on her behalf. Thus Defendant denies that Plaintiff is a prevailing party and denies that she is entitled to attorney's fees. Defendant maintains that it is entitled to prevailing party status and is entitled to recover its attorneys' fees, costs, and expenses.

## II. Motion to Extend Deadlines

The Scheduling Order in this case was entered on December 10, 2010. It provided that the parties should complete discovery by June 30, 2011. The dispositive motions deadline is set for August 8, 2011. On May 26, 2011, Judge Yeakel granted Plaintiff's Opposed Motion to Extend Time to Complete Discovery (Clerk's Doc. No. 35), for the sole purpose of permitting Plaintiff to respond to discovery that was past due. In that same Order Judge Yeakel granted Plaintiff leave to file her First Amended Complaint.

Plaintiff now moves to extend the discovery deadline, not to respond to discovery, but rather to take depositions herself. Plaintiff claims that she notified the School District that she wished to depose certain individuals before the expiration of the discovery deadline, and that Defendant's counsel objected that the amount of notice for the depositions was inadequate if the depositions were

to take place within the discovery period. Plaintiff therefore seeks an extension of the discovery deadline to permit her to take depositions within a 30-day period. Plaintiff further asserts that the extension is justified by the Defendant's recently-filed counterclaim.

Defendant opposes an extension, noting that Plaintiff did not request dates for depositions until June 21, 2011—nine days prior to the expiration of the discovery period. Although it is not entirely clear, Plaintiff's counsel apparently wishes to depose Wesley Johnson and Stacey Ferguson, attorneys who represented the School District during the Due Process hearing, and Denise Hays, a shareholder in defense counsel's firm that the School District has designated as an expert on attorney's fees. The School District notes that Plaintiff did not submit any expert reports on attorneys fees and is therefore precluded from offering expert testimony on attorney's fees, thereby making it futile to allow Plaintiff to depose the school district's fees expert. Lastly, the School District notes that its counterclaim is not recently-filed, as it was initially asserted in 2009 when it filed its Original Answer and Counterclaim, and was merely restated in the amended answer filed when Plaintiff was granted leave to amend.

## III. Analysis

To justify the modification of a scheduling order, a movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L. C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." FED.R.CIV.P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the

explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id.* (internal quotation marks, brackets, and citations omitted).

Here, Plaintiff has offered no reason for her failure to conduct these depositions prior to the discovery deadline. Her claim that Defendant recently filed a counterclaim carries no water, as the counterclaim was filed along with the Original Answer more than a year ago, and the amended version was only filed in response to Plaintiff's Amended Complaint, and added no new issues. Further, Plaintiff has failed to establish she has been diligent in completing discovery within the time period permitted. Moreover, she does not identify who she wants to depose or the purpose of these depositions, leaving the Court and the School District to speculate over that issue. With regard to prejudice, and the availability of a continuance, the dispositive motions deadline in this case is August 8, 2011. The Court is loathe to move this deadline without a good reason, and would almost certainly be required to do so if the Plaintiff is permitted 30 days of discovery beginning at this time.

For all of these reasons, IT IS ORDERED that Plaintiff's Second Opposed Motion to Extend Discovery Deadline (Clerk's Doc. No. 53) is DENIED.

SIGNED this 20th day of July, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4