IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RACHEL CRAWFORD | § | |
| | § | |
| V. | § | Cause No. A-09-CA-649 LY |
| | § | |
| SAN MARCOS ISD | § | |

## ORDER

Before the Court are: Defendant's Motion for Sanctions (Clerk's Doc. No. 55) filed July 5, 2011; Plaintiff's Response to Motion for Sanctions (Clerk's Doc. No. 61) filed August 1, 2011; and Defendant's Reply to Plaintiff's Response (Clerk's Doc. No. 67) filed August 12, 2011. The District Court referred the above-motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of this Court.

The Defendant filed a motion for sanctions against the Plaintiff's counsel, Martin Cirkiel and Yvonnilda Muziz, after the Plaintiff's attorneys failed to timely respond to discovery requests and conform with the Court's scheduling order. The Defendant asks for $9,453.50 in attorney fees. In response, Cirkiel disputes the breadth and amount of charges submitted by the Defendant.

### I.   Legal Standard

Federal law grants the federal courts authority to require an attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" resulting from "unreasonabl[e] and vexatious[ ]" conduct that "multiplies the proceedings in any case." 28 U.S.C. § 1927. To award attorneys' fees, the Court must find "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Additionally, the Court may sanction an attorney who violates FED. R. CIV. P. 11. FED. R. CIV. P. 11(c)(1). A party may move for sanctions under Rule 11, or the Court may, on its own

initiative, order an attorney "to show cause why conduct specifically described in the order has not violated Rule 11(b). FED. R. CIV. P. 11(c)(3). Finally, the Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," including the power to levy sanctions" for "abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

## II.     Analysis

Cirkiel and Muziz failed to respond timely to requests for admissions, a motion to dismiss, a motion for summary judgment, and failed to timely designate witnesses, produce exhibits, and complete discovery. On May 2, 2011, the Plaintiff's attorneys filed six motions: (1) Plaintiff's Late Motion to Show Authority; (2) Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint; (3) Plaintiff's Opposed Motion to Enlarge Time to Respond to Discovery; (4) Plaintiff's Motion to Strike Deemed Admissions; (5) Plaintiff's Motion to Set Aside Deemed Admissions; and (6) Plaintiff's Opposed Late Motion for Leave to File Trial Disclosures. While the District Court granted most of the Plaintiff's motions,[1] the Court directed the Defendant's attorney to file a motion for sanctions and attorneys' fees.

The Defendant's motion for sanctions requests $9,453.50 for attorneys' fees stemming from the Plaintiff's lawyers' conduct. Attached to the motion, the Defendant's attorney, Bridget Robinson, provided a table of her time (just over fifty hours), which lists the date of her work, the matter she worked on, and the time spent.

---

[1] *See* Clerk's Doc. No. 49 (granting the Plaintiff's motion for leave to file an amended complaint, motion to enlarge time to respond to discovery, motion to set aside deemed admissions, and motion for leave to file trial disclosures).

The lawsuit centers on which party prevailed at a state administrative proceeding. This suit largely relies on a record already developed during that proceeding. It should not cost $10,000 to litigate an issue this narrow in scope. Although the Court agrees with Cirkiel that Robinson's entries lack detail, this does not mean that Robinson inflated her hours. The Court will give her the benefit of the doubt, and assumes that all of the hours billed were actually worked. But this does not mean that this number of hours was reasonable in the context of this case. Robinson made a conscious decision to spend a great deal of time on these issues, particularly considering the amount of money at stake in the case. Robinson didn't bring a gun to a knife fight; she brought a Stinger missile.[2] Further, much of the work Robinson performed had to be performed at some point, and would have been required regardless of when the Plaintiff filed her motions—the Plaintiff's delay merely postponed the work. Considering all of this, the Court will award SMISD $1,000 in attorney fees.

The Court HEREBY GRANTS Defendant's Motion for Sanctions (Clerk's Doc. No. 55) and orders the Plaintiff's attorneys to pay the Defendant $1.000 within ten days of the date of this Order.

SIGNED this 28th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Defendant filed a motion to strike the Plaintiff's counsel's declaration as excessive briefing (Clerk's Doc. No. 68). This motion exemplifies Robinson's strategic decisions that create excessive work. This motion seeks to strike part of the Plaintiff's response because it exceeded the page limit in the local rules. Although Robinson complains that this disadvantaged her because her reply could not also exceed the page limit, the Court does not agree. First, Robinson did not request additional pages, and second, Robinson used six footnotes in a five-page document—with smaller font and single spacing—which could be viewed as an attempt to circumvent the page limit. The Court DENIES Defendant's Motion to Strike Plaintiff's Counsel's Declaration as Excessive Briefing (Clerk's Doc. No. 68).